Eminent domain; taking; what constitutes. — On September 12,1973 the following order was issued:
Before Davis, Presiding Judge, Nichols and Bennett, Judges.
“This case is before us without oral argument on defendant’s motion, filed March 5, 1973, for summary judgment, there being no cross motion. The defendant authorized the dredging of Chelsea Creek, an estuary off the harbor of Boston, Massachusetts, to improve its navigability. Plaintiff owned property abutting on the Creek, including a dock and bulkhead. Plaintiff, being notified of the plan, protested that the project would weaken its bulkhead. After a meeting, defendant revised the plan to hold the side slopes to “1 on 2” in order to minimize the risk of damage to shore property. However, the dredging contractor, Great Lakes Dredge & Dock Co., dredged in the wrong place, closer to plaintiff’s bulkhead by 40 feet than the plan intended, therefore the dock and bulkhead disappeared into the Creek.
“Plaintiff sued defendant and Great Lakes in the United States District Court, D. Mass., on a negligence theory, expressly stating it was reserving its Just Compensation claim for this court. Great Lakes was dismissed on stipulation for payment by it of $20,000. The action was dismissed as against the United States, without any assessment of liability, and without prejudice to the claim here. The case before us is *1114 entirely for just compensation under the Fifth Amendment and is one of the many, wherein we must determine what constitutes a taking.
“On the authority of Roden Coal Co. v. United States, 95 Ct. Cl. 219 (1941), cert. denied, 317 U.S. 636 (1942), we hold that because of the navigation servitude, defendant’s acts did not constitute a Fifth Amendment taking.
“it is therefore ordered that defendant’s said motion for summary judgment be and the same is granted and the petition is dismissed.”